## Staunton.

### T. O. GILMER V. BETTIE REDWINE.

September 22, 1921.

Absent, Burks, J.

1. PRISONS AND PRISONERS—*Committee for Convict—Requisites for Appointment.*—Under section 4998 of the Code of 1919, to authorize the court to appoint a committee for a convict it is necessary that the person whose estate is proposed to be committed should be convicted of felony and sentenced to the penitentiary, or to the State convict force, for one year, or more; that he should own real or personal estate; that the motion should be made by an interested party, and the estate, or some portion of it, must be within the territory of the court making the commitment. If the existence of any one, or more, of these grounds of jurisdiction is challenged, evidence that the grounds so challenged do exist must be furnished.

2. PRISONS AND PRISONERS—*Committee for Convict—Requisites for Appointment—Case at Bar.*—In the instant case the convict objected that he had no estate to be committed, and that the party making the motion for the appointment of his committee had no interest in the appointment of a committee for him.

   *Held:* That as these facts were in issue, they should have been affirmatively established, in order to support the jurisdiction of the trial court.

Error to a judgment of the Circuit Court of Scott county upon a motion to appoint a committee for a convict. Judgment for movant. Convict assigns error.

*Reversed.*

The opinion states the case.

*O. M. Vicars, S. H. Bond* and *W. H. Nickels,* for the plaintiff in error.

*W. S. Cox, J. P. Corns* and *Coleman & Carter,* for the defendants in error.

SAUNDERS, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Scott county, pronounced at its May term, 1920. This judgment, in part, is as follows:

"* * * for motion of Mrs. Bettie Redwine, administratrix of S. L. Redwine, deceased, for the appointment of a committee for T. O. Gilmer, who has been convicted of a felony and sentenced to the penitentiary, the court doth appoint C. W. Dougherty as said committee, it appearing that the notice has been given according to law, and the said T. O. Gilmer appearing in court, the court selected the said Dougherty as his committee."

T. O. Gilmer objected to the appointment of a committee on several grounds which were overruled by the court. To this action of the court the said Gilmer excepted. His bill of exception is reproduced, in part, as follows:

"Whereupon the said Gilmer was brought into court, and by counsel objected to the appointment of a committee for him, on the following grounds:

"First: Bettie Redwine had no interest in the matter of an appointment for him.

"Second: He had no estate for which to appoint a committee.

"Third: He had not had sufficient notice of said motion.

"But the court overruled his said objections, and appointed C. W. Dougherty committee for the said T. O. Gilmer over the protest of the said T. O. Gilmer, no evidence having been offered by either party. To which action of the court in appointing said committee, the said T. C. Gilmer excepted, and prays that his bill of exceptions be signed, etc."

[1] The party making the motion relies upon section 4998, Code of Virginia, which provides that, "when a person is convicted of a felony, and sentenced to confinement

in the penitentiary, or to the State convict road force for one year or more, his estate, both real and personal, if any he has, shall, on motion of any party interested, be committed by the circuit or corporation court of the county or city in which his estate, or some part thereof, is, to a person selected by the court, who after giving bond," etc.

Four things are necessary to furnish authority to a court to commit an estate under this section:

1. The person whose estate is proposed to be committed must have been convicted of felony and sentenced to the penitentiary, or to the State convict road force, for one year or more.

2. There must be some estate, real or personal, belonging to the convict.

3. The motion must be made by an interested party.

4. The estate, or some portion of it, must be within the territory of the court making the commitment.

It is manifest that if a motion under the section, *supra,* is resisted in the trial court, and the existence of any one, or more, of these grounds of jurisdiction is challenged, evidence that the grounds so challenged do exist must be furnished.

[2] In the instant case, Gilmer objected (first) that Bettie E. Redwine had no interest in committing his estate to a person of the court's selection; (second) that he had no estate to be committed. This court is unable to presume that in response to these objections evidence was taken, and the grounds of jurisdiction established, for the obvious reason that the bill of exceptions recites that no "evidence was offered," either by the movant, Bettie E. Redwine, or by the plaintiff in error. So far as appears from the record, Bettie E. Redwine had no interest whatever in the appointment of a committee for Gilmer, and the latter had no estate to be committed. As these facts were in issue, they should have been affirmatively established, in order to sup-

port the jurisdiction of the trial court, and sustain the action of which complaint is made.

The objections of the plaintiff in error were taken in time and saved by proper bill of exceptions.

For the reasons given, it is considered that in the situation presented, the trial court erred in committing the estate of T. O. Gilmer to C. W. Daugherty, and its order in this respect must be reversed.

*Reversed.*